UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA                                                :
                                                                        :
        -v-                                                             :    18 Cr. 481 (JPC)
                                                                        :
HECTOR VILLANUEVA,                                                      :    ORDER
                                                                        :
                        Defendant.                                      :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Hector Villanueva pleaded guilty under a plea agreement to one count of participating in a conspiracy to distribute and possess with intent to distribute cocaine, heroin, and marijuana. Dkt. 49 ("Judgment") at 1. In the plea agreement, Villanueva stipulated that his offense involved between 700 and 1,000 kilograms of converted drug weight. Presentence Report ("PSR") ¶ 23. His conviction and criminal history yielded a Sentencing Guidelines offense level of 27 and a Guidelines range of 78 to 97 months' imprisonment. *Id.* ¶ 39, 81. On April 18, 2019, the Honorable William H. Pauley III[1] imposed a below-Guidelines sentence of sixty-five months' imprisonment to be followed by three years of supervised release. Judgment at 2-3. Villanueva is currently serving his sentence at Fort Dix Federal Correctional Institution in New Jersey. *See* Dkt. 75 ("Govt. Letter"), Exh. 1 ("Byrd Decl.") ¶ 1.

Villanueva now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 70 ("Motion). As relevant here, section 3582(c)(1)(A) allows a court to reduce a term of imprisonment or supervised release after considering 18 U.S.C. § 3553(a)'s factors and finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

---

[1] This case was reassigned to the undersigned on August 2, 2021.

Villanueva claims that he suffers from "Heart Failure, Type 1 Diabetes Mellitus, Obesity[,] . . . and [that he] ha[s] been a smoker for 40 years." Motion at 2. He also claims that his health conditions place him at an increased risk of suffering severe illness if he contracts COVID-19. *Id.* at 3, 6. In his view, the increased risk of adverse health consequences combined with how the Bureau of Prisons and Fort Dix have handled the COVID-19 pandemic qualify as extraordinary and compelling reasons justifying reducing his sentence to time served and immediate release from prison. *Id.* at 3-9.

But the Court cannot at this point decide whether Villanueva met section 3582(c)(1)(A)'s substantive requirements to justify compassionate release. An incarcerated defendant may move for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the inmate's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" 18 U.S.C. § 3582(c)(1)(A). This "exhaustion requirement is a claim-processing rule and accordingly may be waived or forfeited by the government." *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (per curiam). But when the Government "properly invoke[s] [an inmate's] failure to comply with § 3582(c)(1)(A)'s mandatory exhaustion requirement, the district court ha[s] no discretion to excuse that failure regardless of any equitable considerations." *Id.* at 126 (Menashi, J., concurring) (quotations and citation omitted).

Here, the Government invokes the exhaustion requirement to argue that Villanueva "has failed to exhaust his administrative remedies." Govt. Letter at 1; *see also* Dkt. 72 ("Opposition") at 4-9. Villanueva, in contrast, claims that he exhausted his administrative remedies when "[o]n May 18, 2020, [he] submitted a 'Cop-Out' to the Warden requesting that the BoP Move the Court

to release [him]."  Motion at 3.  Villanueva has provided no documents or other proof of his submission of a "Cop-Out" to the Warden at Fort Dix.

To the contrary, the record in this case shows that Villanueva never made a May 18, 2020 administrative request.  Byrd Decl. ¶¶ 3-5.  Instead, Villanueva first "filed a request for compassionate" on August 26, 2021.  *Id.* ¶ 5.  Since that time, neither party has updated the Court on the status of the request.  And although thirty days have passed since the Warden received his request, that does not mean that Villanueva automatically exhausted his administrative remedies— he must show that he has "waited 30 days from the Warden's receipt of his request for compassionate release *without receiving a response*."  *United States v. Samuels*, No. 08 Cr. 789 (RJS), 2020 WL 7696004, at *3 (S.D.N.Y. Dec. 28, 2020) (emphasis added); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("When the BOP does not timely act or administrative options are exhausted, whichever is earlier, discretion to decide compassionate release motions is to be moved from the BOP Director to the courts." (quotations omitted)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("[T]he First Step Act created a judicial power to grant compassionate release on a prisoner's own request, provided that the prisoner first allowed the Bureau to review the request and make a recommendation (or it let 30 days pass in silence)."). Villanueva has also not shown that he exhausted his administrative options by having "the warden den[y] his request, . . . appeal[ling] to the appropriate BOP Regional Director[,] and[] [then appealing] . . . to the BOP General Counsel."  *United States v. Battle*, No. 05 Cr. 377 (VM), 2020 WL 2306482, at *2 (S.D.N.Y. May 8, 2020).

The Court therefore denies Villanueva's motion for compassionate without prejudice. He may renew his request after complying with section 3582(c)(1)(A)'s requirements. The Clerk of the Court is respectfully directed to terminate the motion pending at Docket Number 74 and to mail a copy of this Order to Villanueva.

SO ORDERED.

Dated: November 9, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge